**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSE GREGORIO IGARZA ALVAREZ,** | : | **No. 3:26cv2394** |
| **Petitioner** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **WARDEN OF PIKE COUNTY CORRECTIONAL FACILITY,** | : | |
| **Respondent** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM ORDER

Before the court is a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 filed by Petitioner Jose Gregorio Igarza Alvarez.[1] (Doc. 1). Igarza Alvarez is a native and citizen of Venezuela in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") at the Pike County Correctional Facility. Id. at ECF p. 1; Doc. 1-1, Nat'l ID Card. His petition equates a general challenge to the legality of his detention. (Doc. 1, Pet., at ECF p. 2). For the reasons set forth below, the petition will be granted. Igarza Alvarez will be released.

---

[1] Federal district courts are authorized to grant a writ of habeas corpus under 28 U.S.C. § 2241 where the petitioner is detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Igarza Alvarez filed the instant petition while detained at Pike County Correctional Facility in Lords Valley, Pennsylvania. (Doc. 1, Pet., at ECF p. 2). The petitioner challenges his continued immigration detention. Thus, the court has habeas jurisdiction over the petition. Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004).

According to documents supplied by the respondent, Igarza Alvarez is 41 years old. (Doc. 6-1, I-213 Form, at ECF p. 1). He entered the United States on or about September 30, 2023 near El Paso, Texas. (Doc. 6-2, Notice to Appear, at ECF p. 1). Shortly thereafter, on October 2, 2023, he was ostensibly released from federal custody and served with a Notice to Appear. Id.; Doc. 6-1, I-213 Form, at ECF p. 3. The Notice to Appear charged the defendant with violating 8 U.S.C. § 1182(a)(6)(A)(i) as being present in the United States without being admitted or paroled. (Doc. 6-2, at ECF p. 1). Igarza Alvarez is not subject to a removal order. [2]

On July 9, 2026, municipal police officers from the Borough of West Hazleton conducted a traffic stop of a vehicle driven by the petitioner. (Doc. 6-1, I-213 Form, at ECF p. 3). According to the government, Igarza Alvarez presented a fraudulent Pennsylvania driver's license. Id. According to the petitioner, he provided an international driver's license to the officers. (Doc. 7, Traverse, at ECF p. 2). The borough has a partnership agreement with ICE under Section 287(g) of the Immigration and Naturalization Act, 8 U.S.C. § 1357(g), and ICE record checks indicated that Igarza Alvarez was eligible for

[2] The court confirmed this information using the Executive Office for Immigration Review's case status website by inputting the petitioner's A-number and nationality. *Automated Case Information System*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, https://acis.eoir.justice.gov/ (last visited Sept. 18, 2026).

detention. (Doc. 6-1, I-213 Form, at ECF p. 3). Thereafter, West Hazleton officers detained the petitioner and transported him directly to the Pike County Correctional Facility. Id. He has been detained by ICE since that time. There is no indication that the petitioner has been criminally charged in the Luzerne County Court of Common Pleas as it relates to his encounter with the West Hazleton Police Department.

In its response, the government concedes that Buele Morocho v. Warden Phila. FDC, ___ F.4th ___, 2026 WL 2546223 (3d Cir. Aug. 28, 2026) controls the facts of this case and that Igarza Alvarez's detention is governed by 8 U.S.C. § 1226(a). (Doc. 6 at 1). Because Section 1226(a) and its implementing regulations "require[ ]" a bond hearing, Borbot v. Warden Hudson Cnty. Corr. Facility, 906 F.3d 274, 278 (3d Cir. 2018), respondent is violating the INA and its implementing regulations by not providing one. See Buele Morocho, 2026 WL 2546223, at *1 (citing 8 U.S.C. § 1226(a)(2); 8 C.F.R. § 1236.1(c)(8)) ("Unlike § 1225(b)(2)(A), § 1226(a) permits discretionary release on bond pending removal proceedings so long as the noncitizen is not a danger or flight risk.").

With respect to the petitioner's due process rights, the court, like the Buele Morocho court, considers the Mathews[3] factors to determine "whether detention without bond of noncitizens who have lived in the United States for extended

[3] Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

periods of time with no criminal records violates due process." Id. at *9–10. As to the first factor, "the private interest that will be affected by the official action," the Buele Morocho court held that "mandatory detention implicates [the] 'constitutionally protected interest in avoiding physical restraint.'" Id. at *9 (quoting Mathews, 424 U.S. at 335; Kansas v. Hendricks, 521 U.S. 346, 356 (1997) (citations omitted)). And so, it does here.

The second factor concerns "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." Id. (quoting Mathews, 424 U.S. at 335). The Buele Morocho court found such risk exists in situations like here, because of "the absence of an opportunity for a neutral decisionmaker to assess" the dangerousness or flight risk of a defendant. Id.

As to the third factor, "the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," id. (quoting Mathews, 424 U.S. at 335), the court held that the "legitimate interest in preventing the release of dangerous noncitizens and those who might fail to appear at future hearings does not outweigh the other two factors here, particularly when [the] non-criminal individuals were detained absent evidence that either is dangerous or a flight

risk, and the Government has not argued that bond hearings are unduly burdensome." Id. at *10 (citation modified).

On this third factor and the ultimate disposition of this habeas petition, Igarza Alvarez has not been convicted of any crime. The facts of the traffic stop by West Hazleton police officers are in dispute. However, even if the petitioner presented a false driver's license and was convicted of the offense of false identification to law enforcement authorities, 18 PA. CONS. STAT. § 4914, that is not an indication that the petitioner is dangerous. At some point during his encounter with West Hazleton police, the petitioner had to present authentic identification. Otherwise, his immigration status would not have been determined there on scene with a phone call to ICE. As for the risk of flight, there is no evidence that the petitioner resisted officers. There is also no evidence that he failed to appear at any immigration proceedings in the past. Rather, per the traverse, petitioner is an asylum seeker and his concerns about returning to Venezuela have been compounded by recent earthquakes. (Doc. 7 at 1, 4). He asserts that he has a strong incentive to appear at future immigration proceedings. Id. at 3.

Weighing the Mathews factors, the failure to provide Igarza Alvarez with a bond or custody redetermination hearing violated his right to procedural due process. Buele Morocho, 2026 WL 2546223, at *10. Therefore, his petition will

be granted. Habeas courts "have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted." Boumediene v. Bush, 553 U.S. 723, 779 (2008). In this case, only immediate release will remedy the due process violation that Igarza Alvarez has experienced. The government will also be temporarily enjoined from re-arresting the petitioner for a period of seven days to ensure the effectiveness of the habeas remedy. The government may also not impose additional conditions on Igarza Alvarez's release, including any form of body-worn electronic monitoring, unless those conditions were in place prior to detention.

Consequently, it is hereby **ORDERED** that:

1) Jose Gregorio Igarza Alvarez's petition for writ of habeas corpus, (Doc. 1), is **GRANTED**;

2) The government shall immediately release Igarza Alvarez from its custody;

3) On or before September 24, 2026, the government shall file a declaration or affidavit pursuant to 28 U.S.C. § 1746 confirming that Igarza Alvarez has been released;

4) The government shall release Igarza Alvarez under the same conditions that existed prior to his detention, including release: (1) in an area where the

petitioner resides or where he has access to means of interstate transportation; (2) without the imposition of additional conditions; (3) with all clothing and outerwear worn at the time of the detention or other appropriate attire; and (4) with all personal property, including, but not limited to, any driver's license, passport, immigration documents, currency, or cell phone that was seized at the time of detention and that is currently in their custody, possession, or control, whether maintained directly by respondents or by any contracted or affiliated facility;

5) The government is temporarily enjoined from re-arresting Igarza Alvarez for a period of 7 days to ensure that this habeas remedy is effective;

6) The Clerk of Court is directed to enter judgment in accordance with this memorandum order; and

7) The Clerk of Court is directed to **CLOSE** this case.

**Date:** 9/23/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**